Nott, J.
The question involved in this case, appears to have been settled in the ease of Nicks vs. Martindale, (Harper's L. Rep. 135; But as the judge in the court below, seems to suppose that the decisions of this court have been at variance with each other, some further consideration of the subject appears still to be necessary. It is now a rule well settled in the English courts, that when the statute of limitations has began to run, it will continue to run on, notwithstanding any intervening disability, such as infancy coverture and the like. (Stowel vs. Lord Zouch, 1 Plowden 353. Co. Lit. 246, a. Gray vs. Wender, 1 Strange 556. Duroure vs. Jones, 4 D. and E. 300. Frances vs. Jesson, 6 East 80. Vaughan vs. Grey, Mosely 245. Hickman vs. Walker, Willes 27.)
The English judges consider tlicir statute of limitations a uniform homogenous system of laws intended to prevent litigation and to quiet persons in their possessions, and they have therefore adopted the same construction with regard to all of them. I have already remarked in the case of Gibson and Taylor, that the constitutional court had in the case of Rose and Daniel, (2 Const. R. 549. Tread. Ed.) given a different construction to our act, in actions involving titles to land. The principle of that decision has since passed into a law by an act of the legislature at its last session.
Iu all cases not affecting the possession of lands our courts have generally, if not uniformly, been governed by the rule of construction adopted by the English courts. (Adamson vs. Smith, 2 Constitutional Reports 269. Nicks and Martindale, supra.) Why the legislature thought it proper to make such a distinction, I do not know; but as the last act refers exclusively to actions relating to the possession of lands, (2) it is to be presumed, that they were satisfied with the *457 construction given to the former act in other respects. Perhaps the circumstance, that the judges had been unanimous in their opinions in one case and had been divided in opinion in the other might have had its influence.
For it will be observed that the judges who constituted the majority in the case of Rose £3“ Daniel, concurred with the other judges in the case of Adamson Í3" Smith, (2 Cons. Reft. 269,) and Nicks £3" Martindale. The act itself contains certain exceptions, and according to the stale maxim, that exfiressio unius est exclusio alterius, we are not to suppose that the legislature intended that any other should be made. The duty of courts is confined to the exposition of the law, and ought not to be extended to supplying supposed omissions of the legislature. We are not therefore authorized to add exceptions to those made by the act. The statute of limitations goes upon the principle that the defendant has a good title, or has paid the debt, as the case may be, the evidences of which have been lost by time or accident. That presumption is rebutted by the commencement of an action. The remedy therefore shall not be lost by the death of the party. The act of 1789 exempts all executors and administrators from suits for nine months after the death of their testators or intestates, Moses vs. Richards and others, 2 Nott & MCord, 259. That act has been considered as having extended the statute of limitations during that period. But that is a construction which necessarily results from the provisions of the two acts when taken together. In the case of Kenedy £3* Edwards, the statute had not commenced in the life time of the intestate. It would not therefore run against the administrator, until adminstration was granted gfor until'then there was no per-ón against whom it could run. The case of Robinson & Wall, 2 Nott & M’Cord 598, appears to meto be the most difficult to get over. In that case the court held that war suspended the statute of limitations in favour of an alien enemy. That I think was carrying the doctrine to the utmost extent of liberality. But that, it is said “ is adopting a part of the law of nations." Then it is the law and not the court which makes the exception. It does not appear therefore that this court has ever allowed any exceptions not made by the act, nor that there has been any such conflict of opinions on the subject as the circuit judge seemed to imagine. The only conflicting decisions which have taken place, are those of Rose & Daniel, and Faysoux vs. Prather, both of which related to the possession of land. I do not concur in the opinion that to take advantage of the statute of limitations is an unjust defence. An unprincipled man may to be sure, sometimes use it as an instrument of fraud against an indulgent creditor. But then it is the fault of the plaintiff, who has disarmed himself and *458 fput a weapon into the hands of his antagonist. It may however be ft shield to the honest and unprotected, and who may have no other means of defence.
Evans 1$ Coggeshall, for the motion.
Levy W Wilkins, contra.

 The act of 1824, does not, in words, speak of any particular kind of action, but by necessary construction, it must be confined to actions for lands, as it speaks of the rights of minors accruing upon the death of the ancestor; which would not be the ease if it were a personal action, as it would accrue to the executor or administrator, and not to the minor or heir.